# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| IN RE ) | Chapter 11 |
| ) | Case No. 17-71890 |
| BARTLETT MANAGEMENT SERVICES, ) | |
| INC., *et al.*,* ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |
| ) | |
| BARTLETT MANAGEMENT SERVICES, ) | Adversary No. 19-_____ |
| INC., plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTHERN II, INC., d/b/a NORTHERN ) | |
| MECHANICAL,  defendant. ) | |

## COMPLAINT

Debtor Bartlett Management Services, Inc. ("BMSI" or the "Debtor"), one of the debtors and debtors in possession in the above-captioned jointly administered Chapter 11 cases, by their undersigned counsel, complains against Northern II, Inc., doing business as Northern Mechanical ("Northern" or the "defendant"), as follows:

### Background

1. BMSI commenced its bankruptcy case (the "Bankruptcy Case") by filing with this Court on December 5, 2017 (the "Petition Date"), a voluntary petition for relief under the Bankruptcy Code.

---

* The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Bartlett Management Services, Inc. (4428), Bartlett Management Indianapolis, Inc. (2750), and Bartlett Management Peoria, Inc. (1543). The mailing address of all of the Debtors is 70 Clinton Plaza, Clinton, Illinois, 61727-2170.

2. BMSI has continued in possession of its properties as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and until the sale of substantially all of their operating assets on January 31, 2019, was operating and managing its business in such capacity.

3. Northern is a corporation organized under the laws of the State of Illinois, with its principal place of business in Machesney Park, Illinois.

4. Northern provides commercial HVAC systems and service.

5. Prior to the Petition Date, BMSI used Northern's services at one or more of their BMSI locations.

6. On January 1, 2018, BMSI filed its schedules and statements in the Bankruptcy Case, and listed Northern as a creditor, with $34,747.40 due to Northern from BMSI as of the Petition Date.

7. BMSI made six payments to Northern, totaling $42,962.24, during the 90 days prior to the Petition Date, from September 6, 2017, through December 4, 2017 (the "Pre-Petition Period").

## JURISDICTION

8. The Court possesses subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b).

9. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

10. Venue of this Adversary Proceeding lies in this judicial district under 28 U.S.C. 1409(a) because the Bankruptcy Case is pending here and the amount of the alleged transfers at issue exceeds $13,650.

## **COUNT I: PREFERENCES:**

11. The Debtor realleges and incorporates by reference the allegations of the foregoing paragraphs of this Complaint as if fully restated herein.

12. Prior to the Petition Date, BMSI was indebted to Northern.

13. Within the 90 days prior to the Petition Date, on or about the following dates, Northern received the following payments, from BMSI, or from property of BMSI (collectively, the "Preference Payments"), as payment for BMSI's debt to it:

| **Date** | **Amount Received** | **Check Number** |
|---|---|---|
| September 13, 2017 | $7,496.90 | 184980 |
| September 22, 2017 | $4,034.16 | 185054 |
| October 6, 2017 | $14,184.61 | 185227 |
| October 17, 2017 | $4,685.64 | 185303 |
| October 25, 2017 | $5,835.48 | 185376 |
| November 1, 2017 | $6,725.45 | 185460 |
| **Total Payments** | **$42,962.24** | |

14. Each of the Preference Payments was made to Northern for or on account of an antecedent debt owed by BMSI to defendant before the payment was made.

15. BMSI was insolvent at the time each of the Preference Payments were made.

16. The Preference Payments enabled Northern to receive more than it would have received if (a) the Bankruptcy Case was a case under chapter 7 of this title; (b) the transfer had not been made; and (c) Northern received payment of such debt to the extent provided by the provisions of Chapter 7.

17. Accordingly, BMSI is entitled to avoid the Preference Payments pursuant to section 547(a) of the Bankruptcy Code, and is entitled to recover the amount of such Preference Payments from Northern pursuant to section 550(a)(1) of the Bankruptcy Code.

## **CONCLUSION**

WHEREFORE, BMSI prays that the Court (a) enter judgement for BMSI and against Northern in the amount of the $42,962.24, plus costs and interest where appropriate, and (b) grant BMSI such other and further relief as may be just and proper.

Dated: December 3, 2019

                                                Respectfully submitted,

                                                By: /s/ Jonathan A. Backman

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX:  (309) 820-7430
jbackman@backlawoffice.com

*Counsel for Plaintiff Bartlett Management Services, Inc.*